Jeanette E. McPherson, Esq., NV Bar No. 5423
Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

*Attorneys for Lenard E. Schwartzer*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>SUMMERLIN ENERGY LAS VEGAS, LLC,<br><br>Debtor. | Case No. BK-S-16-10781-MKN<br><br>Chapter 7<br><br>**MOTION TO APPROVE SALE OF ESTATE'S INTEREST IN CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**<br><br>Date: November 20, 2017<br>Time: 11:00 a.m. |

Lenard E. Schwartzer (the "Trustee"), Chapter 7 Trustee, by and through his counsel, Schwartzer & McPherson Law Firm, requests authorization pursuant to 11 U.S.C. §363 to sell the bankruptcy estate's interest in certain "remnant assets" free and clear of liens, claims and encumbrances to Oak Point Partners, Inc., for the sum of Four Thousand Dollars ($4,000.00), or such higher qualified bid as the Trustee may receive.

This Motion is based upon the attached points and authorities, the pleadings and papers on file herein, the Declaration of Lenard E. Schwartzer (the "Schwartzer Declaration") filed concurrently with this Motion, and any oral argument that may be heard on this Motion.

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee seeks relief pursuant to 11 U.S.C. §363 and FRBP 2002 and 6004.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

## II. FACTUAL BACKGROUND

### A.    Procedural History and Proposed Sale

1.    SUMMERLIN ENERGY LAS VEGAS, LLC (the "Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code on February 22, 2016 (the "Petition Date").  The Trustee has duly qualified and is the acting Chapter 7 Panel Trustee of Debtor's bankruptcy estate.

2.    The Trustee is in the process of winding down his administration of this bankruptcy estate and is engaged in efforts to ensure that the maximum value of the estate's remaining assets is realized, which includes pursuing the sale of any remaining assets.

3.    The Trustee has determined that there may be remnant assets of this bankruptcy estate (the "Remnant Assets"), but the cost of pursuing the Remnant Assets will likely exceed the benefit that the bankruptcy estate would possibly realize from the Remnant Assets. *See* Schwartzer Declaration.

4.    The Trustee and Oak Point Partners, Inc. ("Oak Point") have negotiated an agreement (the "Purchase Agreement") for the sale of the Remnant Assets to Oak Point for the sum of Four Thousand Dollars ($4,000.00).  A copy of the Purchase Agreement is attached to this Motion as **Exhibit "1."**

5.    The Trustee seeks approval of the Purchase Agreement, and authorization to sell the Remnant Assets free and clear of all liens, claims, interests and encumbrances, pursuant to 11 U.S.C. §105, §363(b), (f) and (m), and pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 6004.

6.    The Purchase Agreement provides for an aggregate purchase price of $4,000.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of Debtor's estate.

7.    In accordance with the Purchase Agreement, the Remnant Assets do not include (1) cash held by the Trustee for distribution to creditors and professionals; and (2) the Purchase Price for the Remnant Assets.

8.    In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets.  Additionally, the benefit of receiving immediate payment for the

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  Remnant Assets, which are largely unknown, outweighs the potential benefit of retaining the

2  Remnant Assets.  Finally, the Trustee believes that the cost of pursuing the Remnant Assets will

3  likely exceed the benefit that the estate would possibly receive. *See* Schwartzer Declaration.

4  **B.     Bidding Procedures**

5         9.     The Trustee is prepared to close the sale of the Remnant Assets to Oak Point

6  pursuant to the terms set forth herein and in the Purchase Agreement.  In the event a party other

7  than Oak Point (each, an "Interested Bidder") wishes to purchase the Remnant Assets, the Trustee

8  requests that the Court approve the following overbid procedures (collectively, the "Bidding

9  Procedures"):

10       a.     Each Interested Bidder who wants to participate in the overbid process must
              notify the Trustee of its intention to do so in accordance with the Notice for
11             this Motion on or before the deadline for oppositions to this Motion
              pursuant to Local Rule 9014(d); and
12

13       b.     Each initial overbid for the Remnant Assets must be at least $5,000.00; and

14       c.     Each Interested Bidder must submit a cashier's check to the Trustee in the
              amount of such Interested Bidder's initial overbid; and
15

16       d.     In the event a party other than Oak Point is deemed the winning bidder with
              respect to the Remnant Assets, such other party shall be required to
17             purchase the Remnant Assets under the same terms and conditions as set
              forth in the Purchase Agreement.
18

19       10.    The Trustee believes that the private sale of the Remnant Assets in accordance with

20  the terms of the Purchase Agreement, and as provided herein, serves the best interests of the

21  Debtor's bankruptcy estate and creditors, as the sale will allow the Trustee to realize additional

22  funds for the benefit of the bankruptcy estate.  Accordingly, the Trustee has concluded that the

23  proposed sale to Oak Point should be approved as requested. *See* Schwartzer Declaration.

24                       **III.  MEMORANDUM OF LAW**

25  **A.     Trustee's Duty to Liquidate Assets**

26         Pursuant to 11 U.S.C. § 704(1), a trustee "shall collect and reduce to money the property of

27  the estate for which such trustee serves . . . ."  "In principle, a trustee should liquidate estate assets

28  only if the estate will benefit from the liquidation.  In so doing, the trustee should select the

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    method of liquidation that is most beneficial to the estate." Yadkin Valley Bank & Trust Co. v.

2    Northwestern Bank (In re Hutchinson), 132 B.R. 827, 831 (Bankr. M.D.N.C. 1991).

3         The Trustee requests approval to sell the estate's entire interest in the Remnant Assets "as

4    is" and without warranty, free and clear of liens, interests, encumbrances, and claims to Oak Point

5    or to any other higher and better bidder as set forth herein.

6    **B.    Sale of Assets Pursuant to 11 U.S.C. § 363(b)**

7         Pursuant to 11 U.S.C. § 363(b)(1), "[t]he trustee, after notice and a hearing, may use, sell,

8    or lease, other than in the ordinary course of business, property of the estate. . . ." The Bankruptcy

9    Code permits the sale of estate property outside the ordinary course after notice and a hearing,

10   provided the trustee can demonstrate a "business justification" for the sale. See In re 240 North

11   Brand Partners, Ltd., 200 B.R. 653, 659 (9th Cir. BAP 1996); 11 U.S.C. §363(b)(1).  Moreover,

12   Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or

13   judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

14   11 U.S.C. §105(a).

15        1.    Business Justification

16        To approve use, sale or lease of property outside the ordinary course of business, the Court

17   must find that such sale is supported by the sound business judgment of the debtor or trustee, as

18   the case may be. See In re Martin (Myers v. Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re

19   Abbotts Dairies of Pa. Inc., 788 F. 2d 143 (3d Cir. 1986 ) (requiring good faith purchasing);

20   Stephens Indus., Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986); Comm. of Equity Sec.

21   Holders v. Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); In re Del. & Hudson Ry. Co., 124 B.R.

22   169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section

23   363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management;

24   (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair

25   and reasonable; and (d) the purchaser is acting in good faith); In re Ionosphere Clubs, Inc., 100

26   B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr.

27   D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11

28   case are "that the proposed sale is fair and equitable, that there is a good business reason for

completing the sale and the transaction is in good faith.").

A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See* Lionel, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See* In re Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1992).

The Trustee has determined that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and property exercise of business judgment, and is in the best interest of the creditors of this bankruptcy estate. The proposed sale of the estate's interest in the Remnant Assets will allow the speedy liquidation of Debtor's estate at the maximum price, and the Trustee believes the purchase price is reasonable and represents fair value. If a sale is not approved, the Trustee anticipates liquidation of the Debtor's assets will result in substantially less net benefit to the bankruptcy estate. *See* Schwartzer Declaration.

2.    Notice of the Sale

Notice of this proposed sale of the Assets will be served in accordance with Fed.R. Bankr. P. 6004(a) on any parties/persons who have requested notice, and any parties known to the Trustee that have expressed an interest in purchasing remnant assets or similar interests.

**C.    Sale of Assets Free and Clear of Liens and Encumbrances under 11 U.S.C. § 363(f)**

Once the Court determines that a valid business justification exists for the sale, the Court must determine whether such a sale can be made free and clear of existing liens, security interests, encumbrances, and claims. Section 363(f) of the Code governs the sale of property of the estate free and clear of liens and provides, in pertinent part, the following:

> (f)   The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if –

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

    (1) Applicable non-bankruptcy law permits sale of such property free and clear of such interest;

    (2) Such entity consents;

    (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4) Such interest is in bona fide dispute; or

    (5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five conditions is sufficient to sell the property free and clear of liens. See e.g., Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988); Mutual Life Ins. Co. of New York v. Red Oak Farms, Inc. (In re Red Oak Farms, Inc.), 36 B.R. 856, 858 (Bankr. W.D. Mo. 1984).

The Trustee is not aware of any liens encumbering the Remnant Assets, but to the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied. See Schwartzer Declaration. Accordingly, the Trustee requests that the sale of the Remnant Assets be free and clear of any existing liens, security interests, encumbrances, and claims pursuant to §363(f).

**D. Court Should Find Offer is in Good Faith for Purposes of § 363(m)**

"[W]hen a bankruptcy court authorizes a sale of assets pursuant to Section 363(b)(1), it is required to make a finding with respect to the 'good faith' of the purchaser." In re Abbotts Diaries, Inc., 788 F.2d 143, 149-50 (3d Cir. 1986; In re 240 North Brand Partners, Ltd., 200 B.R. 653, 659 (9th Cir. BAP 1996). "'Good faith' encompasses fair value, and further speaks to the integrity of the transaction. Typical 'bad faith' or misconduct would include collusion between the seller and buyer, or any attempt to take unfair advantage of other potential purchasers." In re 240 North Brand Partners, Ltd., 200 B.R. at 659 (quoting Wilde Horse Enters., Inc., 136 B.R. at 842); see also Ewell v. Diebert (In re Ewell), 958 F.2d 276, 280 (9th Cir. 1992); Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir. 1985) ("[t]ypically, lack of good faith is shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.").

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    The purpose of such a finding is to facilitate the operation of 11 U.S.C. § 363(m), which

2   provides a safe harbor for purchasers of a debtor's property when the purchase is made in "good

3   faith." Specifically, Section 363(m) provides:

4       The reversal or modification on appeal of an authorization under subsection (b) or
        (c) of this Section of a sale or lease of property does not affect the validity of the
5       sale or lease under such authorization to an entity that purchased or leased such
        property in good faith, whether or not such entity knew of the pendency of the
6       appeal, unless such authorization and such sale or lease were stayed pending
7       appeal.

8   11 U.S.C. § 363(m); see Ewell v. Diebert (In re Ewell), 958 F.2d 276, 280 (9th Cir. 1992); Irvin v.

9   Lincoln Heritage Life Ins. Co. (In re Irvin), 950 F.2d 1318, 1323 (7th Cir. 1991). This provision

10  serves the important purposes both of encouraging good faith transactions and of preserving the

11  finality of the bankruptcy court's orders unless stayed pending appeal. In re Abbotts Dairies, Inc.,

12  788 F.2d at 147; Hoese Corp. v. Vetter, 724 F.2d 52, 55 (7th Cir. 1992).

13     The Trustee is seeking to sell the Remnant Assets to Oak Point for $4,000.00, or to any

14  bidder for a higher and better amount subject to the terms set forth herein. The Trustee believes

15  that the sale price and other terms for the sale represent the best terms available for the sale of the

16  Remnant Assets. Based upon information and belief, Oak Point is not an insider or affiliate of the

17  Debtor. Further, other potential interested parties may come forward and bid. The Trustee is

18  presenting Oak Point's offer with appropriate notice and the purchase terms will be tested in this

19  Court as it is subject to overbid by any party. See Schwartzer Declaration.

20     Negotiations have been at all times conducted at arms' length and in good faith, and there

21  are no side agreements, arrangements, or understandings between the Trustee and Oak Point or

22  any other parties, and all of the consideration to be paid by Oak Point for the purchase of the assets

23  is set forth in the offer (Exhibit "2"). There is no consideration being paid for the Remnant

24  Assets or in connection with the proposed sale other than as set forth in the offer (Exhibit "2").

25  As set forth herein, the terms of sale accomplish the appropriate objectives. See Schwartzer

26  Declaration.

27     If the Court approves the sale of the estate's interest as requested herein, there is no reason

28  it should not also invoke §363(m) to protect the good faith actions of the parties from further delay

1  and prejudice in the event this Court's order were appealed without a stay.

2  **E.    Proposed Bidding Procedures are Appropriate**

3      The Trustee's proposed Bidding Procedures are appropriate and should be approved by the

4  Court. Courts have routinely held that when the sale of assets in bankruptcy is done on a

5  competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting

6  competing bids to submit bids that exceed the existing bid by a specified amount. *See, e.g.*, In re

7  Financial News Network Inc., 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will

8  continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant

9  Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the

10  Trustee.

11  **F.    Waiver of Stay of Order**

12      Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed

13  for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee

14  requests that the Court order that such stay not apply with respect to the sale of the Remnant

15  Assets.

16  **IV. CONCLUSION**

17      As set forth herein, the Trustee submits that the sale of the Remnant Assets is a prudent

18  exercise of his business judgment under the circumstances, and is in the best interest of the

19  Debtor's bankruptcy estate and creditors. The Trustee is not aware of any future assets or

20  claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak

21  Point, the Debtor's Estate would not realize any benefits on account of the Remnant Assets. The

22  Purchase Price for the sale is reasonable and has been negotiated at arm's length.

23      Therefore, the Trustee respectfully requests that the Court grant this Motion and enter an

24  Order:

25      1.    Approving the terms and conditions of the Purchase Agreement as described in the

26  Motion and attached to this Order as **Exhibit "1;"** and

27      2.    Approving the Bidding Procedures; and

28      3.    Finding that the terms of the Purchase Agreement and the Bidding Procedures are

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    fair and reasonable; and

2        4.     Authorizing the Trustee, pursuant to 11 U.S.C. §363(b), to sell the Remnant Assets

3    to Oak Point Partners, Inc., for the sum of $4,000.00, or such higher qualified bid as the Trustee

4    may receive; and

5        5.     Authorizing the Trustee, pursuant to 11 U.S.C. §363(f), to sell the Remnant Assets

6    to Oak Point Partners, Inc., free and clear of any and all liens, claims, interests and encumbrances,

7    with such liens, claims, interests and encumbrances to attach to the sale proceeds with the same

8    force, effect, and priority as such liens, claims and encumbrances have on this bankruptcy estate's

9    right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and

10   any party in interest with respect thereto; and

11       6.     Authorizing the Trustee and his professionals to take such actions as are necessary

12   to effectuate the terms of the Purchase Agreement, together with all additional instruments and

13   documents that may be reasonably necessary to implement the Sale and Purchase Agreement; and

14       7.     Granting Oak Point Partners, Inc., or higher bidder, the protections provided to a

15   good faith purchaser under section 363(m) of the Bankruptcy Code; and

16       8.     Confirming that the transfer of the Remnant Assets to Oak Point Partners, Inc.,

17   pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the

18   Remnant Assets, and such transfer shall vest Oak Point Partners, Inc., with all right, title, and

19   interest in and to the Remnant Assets; and

20       9.     That the fourteen-day stay under Bankruptcy Rule 6004(h) is waived; and

21       A proposed form of Order is attached to this Motion as **Exhibit "2."**

22       Dated: October 17, 2017.

23

24

25       /s/Jason A. Imes
         Jason A. Imes, Esq.

26       Schwartzer & McPherson Law Firm
         2850 S. Jones, Blvd., Suite 1

27       Las Vegas, NV 89146
         Tel: (702) 228-7590

28       *Counsel for Lenard E. Schwartzer, Trustee*

# EXHIBIT "1"

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of October __, 2017, is by and between **LENARD E. SCHWARTZER, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the SUMMERLIN ENERGY LAS VEGAS, LLC** ("Debtor") **BANKRUPTCY ESTATE** ("Estate") and **OAK POINT PARTNERS, INC.** ("Purchaser").

### WITNESSETH:

**WHEREAS**, on February 22, 2016 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada ("Court"), assigned Case No. 16-10781; and

**WHEREAS**, on or about the Petition Date, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Four Thousand and No/100 Dollars ($4,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to

1

induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6.  **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7.  **No Assumption of Liabilities.** The parties agree that Purchaser is acquiring only the Remnant Assets and that Purchaser is neither acquiring nor assuming any liabilities of the Seller under this Agreement, except as may otherwise expressly be provided herein.

8.  **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9.  **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Nevada, without giving effect to choice of law principles of the State of Nevada.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**[remainder intentionally left blank; signature page follows]**

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


**OAK POINT PARTNERS, INC.**

By: _Eric A. Linn_

Name:  ERIC LINN
Its:  President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269        fax (847) 655-2746


**SUMMERLIN ENERGY LAS VEGAS, LLC  BANKRUPTCY ESTATE**

By: _____
Name: LENARD E. SCHWARTZER
Its: Chapter 7 Trustee

Address:  c/o Schwartzer & McPherson Law Firm, 2850 S. Jones Blvd., Ste 1, Las Vegas, NV 89146
tel (702) 228-7590

3

# EXHIBIT "2"

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

2

3

4

5

6   Jeanette E. McPherson, Esq., NV Bar No. 5423
7   Jason A. Imes, Esq., NV Bar No. 7030
    Schwartzer & McPherson Law Firm
8   2850 South Jones Blvd., Suite 1
    Las Vegas NV  89146-5308
9   Telephone:    (702) 228-7590
    Facsimile:    (702) 892-0122
10  E-Mail:       bkfilings@s-mlaw.com

11  *Attorneys for Lenard E. Schwartzer*

12              **UNITED STATES BANKRUPTCY COURT**

13                   **DISTRICT OF NEVADA**

14  In re                                  | Case No. BK-S-16-10781-MKN

15  SUMMERLIN ENERGY LAS VEGAS, LLC,       | Chapter 7

16                             Debtor.     | **[ PROPOSED ] ORDER GRANTING
17                                          | MOTION TO APPROVE SALE OF
                                           | ESTATE'S INTEREST IN CERTAIN
18                                          | ASSETS FREE AND CLEAR OF LIENS,
                                           | CLAIMS AND ENCUMBRANCES**
19
20                                          | Date: November 20, 2017
                                           | Time: 11:00 a.m.

21

22        The Trustee's *Motion to Approve Sale of Estate's Interest in Certain Assets Free and*

23  *Clear of Liens, Claims and Encumbrances* (the "Motion") [ECF No. ___ ] having come before this

24  Court on the 20th day of November, 2017;  Lenard E. Schwartzer, Chapter 7 Trustee (the

25  "Trustee"), appearing by and through his counsel, Jason A. Imes., Esq., of the Schwartzer &

26  McPherson Law Firm; the Court finding that notice has been given to all creditors and parties in

27  interest as required by law, there being no opposition or other party appearing, and no higher bids

28  offered for purchase of the asset, the Court having jurisdiction to consider the Motion and

                                                        Page 1 of 4

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    requested relief in accordance with 28 U.S.C. §§157 and 1334, and this being a core proceeding

2    pursuant to 28 U.S.C. §157(b);  the Court have determined that the Bidding Procedures as set forth

3    in the Motion are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent

4    business judgment consisted with his fiduciary duties, and designed to maximize the value to be

5    obtained by the bankruptcy estate for the assets;  the Court having made its findings of fact and

6    conclusions of law upon the record which are incorporated herein pursuant to Federal Rules of

7    Bankruptcy Procedure 9014(c) and 7052, and for good cause appearing,

8          **IT IS HEREBY ORDERED** that the Trustee's Motion is GRANTED; and

9          **IT IS FURTHER ORDERED** that the terms and conditions of the Purchase Agreement

10   as described in the Motion and attached to this Order as **Exhibit "1"** are approved; and

11         **IT IS FURTHER ORDERED** that the Bidding Procedures (as set forth and described in

12   the Motion) are approved; and

13         **IT IS FURTHER ORDERED** that the Purchase Agreement and the Bidding Procedures

14   are fair and reasonable; and

15         **IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. §363(b) the Trustee is

16   authorized to sell the Remnant Assets (as set forth and described in the Motion) to Oak Point

17   Partners, Inc., for the sum of $4,000.00 as provided in the Motion; and

18         **IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. §363(f), the sale of the Remnant

19   Assets to Oak Point Partners, Inc., (the "Sale") shall be free and clear of any and all liens, claims,

20   interests and encumbrances, with such liens, claims, interests and encumbrances to attach to the

21   proceeds of the Sale with the same force, effect, and priority as such liens, claims and

22   encumbrances have on this bankruptcy estate's right to the Remnant Assets, as appropriate,

23   subject to the rights and defenses of the Trustee and any party in interest with respect thereto; and

24         **IT IS FURTHER ORDERED** that the Trustee and his professionals are authorized to

25   take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with

26   all additional instruments and documents that may be reasonably necessary to implement the Sale

27   and Purchase Agreement; and

28

**IT IS FURTHER ORDERED** that Oak Point Partners, Inc., is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and

**IT IS FURTHER ORDERED** that the transfer of the Remnant Assets to Oak Point Partners, Inc., pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets, and such transfer shall vest Oak Point Partners, Inc., with all right, title, and interest in and to the Remnant Assets; and

**IT IS FURTHER ORDERED** that the fourteen-day stay under Bankruptcy Rule 6004(h) is waived; and

**IT IS FURTHER ORDERED** that this Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

Submitted by:

_____

Jeanette E. McPherson, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146
*Attorneys for Lenard E. Schwartzer, Trustee*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1

## LR 9021 CERTIFICATION

2

In accordance with LR 9021, counsel submitting this document certifies that the order accurately
3  reflects the court's ruling and that (check one):

4  ☐       The court waived the requirement of approval under LR 9021(b)(1).

5  ☐       No party appeared at the hearing or filed an objection to the motion.

6
☐       I have delivered a copy of this proposed order to all counsel who appeared
7  at the hearing, and any unrepresented parties who appeared at the hearing, and each
has approved or disapproved the order, or failed to respond, as indicated above.
8

9  ☐       I certify that this is a case under Chapter 7 or 13, that I have served a copy
of this order with the motion pursuant to LR 9014(g), and that no party has
10  objection to the form or content of the order.

11

12

13  _____
Jason A. Imes, Esq.
14  Schwartzer & McPherson Law Firm

15                                     # # #

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122